WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Brandyn Paul Blatchford,<br><br>Defendant. | No. CR-16-08085-001-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Brandyn Blatchford's Motion to Dismiss Count Four of the Indictment, (Doc. 40). For the following reasons, the Court denies the motion.

## BACKGROUND

On the evening of April 5, 2016, Sergeant Curtis of the Navajo Police Department identified a victim of a violent assault, RW, at Fort Defiance Indian Hospital.[1] RW had sustained significant injuries to his head. He was brought to the hospital by two friends in a pick-up truck. Later that night, Brandyn Blatchford ("Blatchford") was arrested for allegedly attacking RW with a hammer. Blatchford had a prior criminal record that included convictions for Sexual Abuse and Sexual Abuse of a Minor.

Due to these prior convictions, Blatchford was required to register as a sex offender. As of January, 2016, Blatchford registered a home in New Mexico as his

---

[1] The facts presented in this order are largely taken from police reports and the parties' briefings, and they are largely uncontested.

permeant address. The government asserts that this New Mexico home is not his true residence and that he actually splits his time between his mother and grandmother's homes in Arizona.

Blatchford was charged in a four count indictment: Count One alleges that he committed assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), Count Two alleges that he committed assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6), Count Three alleges that he failed to register as a sex offender in violation of 18 U.S.C. § 2250, and Count Four alleges that he committed a crime of violence while an unregistered sex offender in violation of 18 U.S.C. § 2250(c).

The defense moves to dismiss Count Four because neither Count One nor Count Two are "crimes of violence" under Title 18.

## DISCUSSION

Section 2250 does not define "crime of violence." But, two other statutes within Title 18, §§ 16 and 924(c)(3) have virtually identical definitions of the term. The Court will thus apply the force provision of both definitions.[2] The force provision of Section 16 describes a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16. The force provision of § 924(c)(3) defines a crime of violence as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3). The Supreme Court has narrowed the definition of physical force by adding that the physical force proposed in the definition "the phrase 'physical force' means *violent* force—that is, force capable of

---

[2] In *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), the Supreme Court determined that the residual clause of § 16(b) was unconstitutionally vague. *See id.* at 2557 ("We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). Thus, the question here is whether the crime of assault with a dangerous weapon and/or the crime of assault resulting in serious bodily injury qualify as crimes of violence pursuant to the force clause contained in the two definitions.

causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*).[3]

Determining whether a crime is a crime of violence is a question of law for the court rather than a question of fact for the jury. *See United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995) ("The defendant asserts that whether this offense is a 'crime of violence' is a question of fact for the jury to decide, and not a question of law for the judge. To the contrary this circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence' obviating the need for fact finding by the jury."). The categorical approach requires courts to examine "the elements of the offense rather than the particular facts underlying the defendant's own conviction." *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014). If it is determined that the offense criminalizes a "broader swath" of criminal activity than the criminal activity encompassed in the crime of violence definition, then a crime is not a crime of violence. *Id.* (internal quotations omitted). Therefore, "[a]n offense qualifies as a crime of violence in all cases or in none." *Id.* (internal quotation omitted). For the following reasons, both Counts at issue in this case are crimes of violence.

Assault with a dangerous weapon is a crime of violence. *See United States v. Juvenile Female*, 566 F.3d 943, 947–48 (9th Cir. 2009) (finding that "[a] defendant charged with the first variant, assault with a deadly or a dangerous weapon, must have always 'threatened [the] use of physical force'" (quoting 18 U.S.C. § 16(a))). To successfully convict Blatchford of assault with a dangerous weapon, the government must prove, in relevant part that

> First, the defendant assaulted [the victim] by intentionally striking or wounding him using a display of force that reasonably caused him to fear immediate bodily harm;

---

[3] Although *Johnson I* involved the interpretation of "violent felony" as defined in 18 U.S.C. § 924(E)(2)(B)(i) rather than the definition of "violent crime" as defined in §§ 16(b) and 924(c)(3), the definitions are virtually identical and thus the Court assumes that the holding of *Johnson I* would be equally applicable to the definition of "violent crime".

- 3 -

Second, the defendant acted with the intent to do bodily harm to the victim;

Third, the defendant used a dangerous weapon

Ninth Circuit Court of Appeals Model Criminal Jury Instruction 8.7. By their terms, the elements of the offense require at a minimum a "display of force that reasonably caused him to fear immediate bodily harm."[4] *Id.* As discussed in *Juvenile Female*, such a showing is always going to be sufficient to meet the definition of a crime of violence, which requires that the underlying crime either actually used force or "threatened the use of physical force." 18 U.S.C. § 16(a); 18 U.S.C. § 924(c)(3).

The Supreme Court's ruling in *Johnson I* does not affect this finding, as other courts examining this issue have found that "dicta in *Johnson I* assumed that an assault and battery with a dangerous weapon was a 'violent felony'" because the Supreme Court "quoted Black's definition of 'violent felony' as '[a] crime characterized by extreme physical force, such as murder, forcible rape, and *assault and battery with a dangerous weapon.*'" *United States v. Whindleton*, 797 F.3d 105, 115 (1st Cir. 2015), *cert. dismissed*, 137 S. Ct. 23 (2016), and *cert. denied*, 137 S. Ct. 179 (2016) (quoting *Johnson I*, 559 U.S. at 140–41); *see also United States v. Scott*, No. 312CR00051RCJVPC, 2017 WL 58577, at *2 (D. Nev. Jan. 4, 2017) (collecting cases from other Courts of Appeals "have uniformly ruled that assault-or battery-type crimes containing a dangerous weapon-type element necessarily satisfy *Johnson I*'s requirement that any force used, attempted, or threatened be 'violent.'").

Assault resulting in serious bodily injury is also a crime of violence. The elements of the crime of assault resulting in serious bodily injury are that 1) "the defendant assaulted the victim by intentionally striking or wounding him or her" and 2) "as a result, the victim suffered serious bodily injury." Ninth Circuit Court of Appeals Model Criminal Jury Instruction 8.9. "[T]he *mens rea* requirement [for assault] is that the

---

[4] The elements of the crime are also satisfied if the Defendant is alleged to have actually struck or wounded the victim.

- 4 -

volitional act be willful or intentional; an intent to cause injury is not required." *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007).[5]

Thus the elements of the crime require a showing that the defendant intentionally struck or wounded the victim and that the striking or wounding resulted in serious bodily injury. Therefore the crime fits within the definition of a crime of violence. *See Juvenile Female*, 566 F.3d at 948 (finding that a defendant that committed "assault resulting in bodily injury, necessarily must have committed an act of force in causing the injury")

## CONCLUSION

For the reasons explained above, the crimes alleged in Counts One and Two of the indictment constitute crimes of violence, and thus the Defendant's Motion to Dismiss is denied.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss Count Four of the Indictment, (Doc. 40), is **DENIED**.

Dated this 7th day of June, 2017.

_____
Honorable G. Murray Snow
United States District Judge

---

[5] The parties note that some of the older case law in the Ninth Circuit indicates that reckless conduct is sufficient to constitute an assault resulting in serious bodily harm. *See United States v. Loera*, 923 F.2d 725, 728 (9th Cir. 1991) ("At common law a criminal battery was shown if the defendant's conduct was reckless . . . A defendant can be convicted of assault under section 113(f) if a battery is proved."). That does not change the requirement, however, that there must be an intent to strike or wound, even if the inflicted injury was not intended but only the result of reckless behavior. *See Voisine v. United States*, 136 S. Ct. 2272, 2279–80 (2016) (finding that the reckless conduct can constitute a crime of violence because "the word 'use' does not demand that the person applying force have the purpose or practical certainty that it will cause harm, as compared with the understanding that it is substantially likely to do so"); *See also United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016) (finding that *Voisine* "held that crimes requiring a mental state of recklessness may qualify as crimes of violence under the force clause").