WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-08085-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Brandyn Paul Blatchford, | |
| Defendant. | |

Pending before the Court is Defendant Brandyn Blatchford's Motion to Sever, (Doc. 41). For the following reasons, the Court denies the Defendant's motion.

## BACKGROUND

In the early hours of April 6, 2016, Brandyn Blatchford ("Blatchford") was arrested on suspicion of having attacked his friend, RW, with a hammer.[1] As a result of the injury, RW sustained significant injuries to his head. Blatchford was eventually charged with assault with a dangerous weapon as well as assault resulting in serious bodily injury. After his arrest, it was discovered that Blatchford had a prior criminal history as a sex offender. His status as a sex offender required him to register as such. However, it appeared that Blatchford's listed address on the registry was not his actual address. Blatchford faced additional charges due to his alleged failure to register,

---

[1] The facts presented in this order are largely taken from police reports and the parties' briefings, and are currently uncontested.

specifically failure to register as a sex offender and committing an act of violence while failing to register as a sex offender.

These charges were joined together in a single superseding indictment: Count One alleges that Blatchford committed assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), Count Two alleges that he committed assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6), Count Three alleges that he failed to register as a sex offender in violation of 18 U.S.C. § 2250, and Count Four alleges that he committed a crime of violence while an unregistered sex offender in violation of 18 U.S.C. § 2250(c).

## DISCUSSION

### A. The Counts Against the Defendant are Properly Joined Under Rule 8(a)

Joinder of charges against a defendant is proper "if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). A court looks only to the indictment to determine if joinder is proper. *See United States v. Jawara*, 474 F.3d 565, 572–73 (9th Cir. 2007) ("[T]he established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment, and we remain faithful to that principle here.").

"At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and those conditions, although phrased in general terms, are not infinitely elastic." *Id.* at 573 (internal quotation and citation omitted). However, "[t]ransaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *United States v. Friedman*, 445 F.2d 1076, 1083 (9th Cir. 1971) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)). Generally, "[w]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981).

Blatchford is charged with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3), assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6), failure to register as a sex offender in violation of 18 U.S.C. § 2250, and committing a crime of violence while an unregistered sex offender in violation of 18 U.S.C. § 2250(c).[2] The "crime of violence" alleged in Count Four is premised on the same criminal activity that forms the basis of the assault charges. (Doc. 34 at 3.) Additionally, the failure to register charge in Count Three is based upon the same failure to register charge in Count Four. (Doc. 34 at 2–3.) There is a "large area of overlapping proof" amongst these charges that justifies joining the offenses under Rule 8(a) because each charge is premised upon the same series of actions allegedly undertaken by Blatchford. *Anderson*, 642 F.2d at 284. Therefore, these charges are properly joined under Rule 8(a).

**B.     As Discussed with the Parties the Court Shall Consider Bifurcation**

Rule 14(a) provides relief for defendants where the joinder of offenses "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The court has wide discretion in determining whether relief is necessary under Rule 14, and also possesses wide discretion in determining the form the relief should take. *See Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). In such an instance, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

It is the defendant's burden to establish that severance is necessary, and severance is only required where joinder is "so manifestly prejudicial that it outweigh[es] the dominant concern with judicial economy and compel[s] the exercise of the court's

---

[2] The Court notes that the Defendant made this argument prior to the resolution of the Motion to Dismiss Count Four of the Superseding Indictment, (Doc. 40). Given the Court's resolution of that issue, there is no longer a colorable claim that these charges are improperly joined, as they are all premised upon the same events.

discretion to sever." *United States v. Lopez*, 477 F.3d 1110, 1116–17 (9th Cir. 2007) (internal citation and quotation omitted). Therefore, the existence of some prejudice is not sufficient to require severance. Rather, severance is only necessary in those rare cases where a jury cannot "reasonably be expected to compartmentalize the evidence so that evidence of one crime does not taint the jury's consideration of another crime." *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987) (internal quotation omitted); *see also United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994) ("In assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized."). Such prejudice is more likely to exist where the counts joined together are "similar in nature." *Id.* However, prejudice may be mitigated through the use of proper jury instructions. *See Johnson*, 820 F.2d at 1071 (upholding a district court's decision not to sever counts where the court instructed the jury that "[e]ach count charges a separate crime. You must decide separately what the evidence in the case shows about the crime"). Prejudice is also lessened where the joined charges are wholly separate incidents, and thus permit the jury to separate the charges from each other. *See Vasquez-Velasco*, 15 F.3d at 846 (finding that even where the crimes committed were similar in nature, their joinder was not prejudicial because each charge occurred a week from the other, and "[a]s such, they were discrete acts that a jury could compartmentalize reasonably easily").

In the case at hand, Blatchford argues that Counts One and Two must be severed from Counts Three and Four because the evidence of his past sex offense conviction would unduly prejudice him. (Doc. 41.) Blatchford cites to *United States v. Nguyen*, 88 F.3d 812 (9th Cir. 1996), to support this argument, but in *Nguyen*, the Ninth Circuit upheld the district court's decision not to sever the counts against the defendant. *Id.* at 818. The Ninth Circuit did caution that "trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges." *Id.* at 815. However, more recently, the Ninth Circuit emphasized that where

"[e]ach of the alleged offenses arose from the same act or transaction, and there was significant overlap in the evidence for all charges," concerns for judicial economy "outweigh[ed] any limited prejudice that [the defendant] may have experienced." *Lopez*, 477 F.3d at 1117. As discussed above, the charges joined together in this case involve overlapping evidence, and thus the interests of judicial economy strongly favor joining the charges in a single trial to avoid duplicative proceedings.

As in *Johnson*, the jury in this case is "not likely in this case to confuse which count particular evidence was introduced to establish." *Johnson*, 820 F.2d at 1071. The assault charge alleges a wholly separate crime from the failure to register charge. Each requires the government to establish evidence that is separate and apart from the other charge. Both sets of charges also allege diversified conduct such that it is unlikely that the jury would depend on improper propensity considerations during the trial, as it does not logically follow that failing to register one's proper address makes a defendant more likely to commit a violent assault, or vice versa. Therefore, severance is not required in this case.

Blatchford also argues that sexual offenses are particularly distasteful to the "ordinary juror," and thus he is at a heightened risk for prejudice. However, there is some level of juror disgust involved in any criminal trial, and without further evidence of prejudice, joining sex offenses alongside other criminal charges is not manifestly prejudicial in and of itself. *See United States v. Smith*, 795 F.2d 841, 851 (9th Cir. 1986) (upholding a judge's refusal to sever a joint trial involving child pornography and firearms due to the presence of carefully crafted jury instructions).

The Court is willing to consider steps to mitigate whatever prejudice Blatchford may face from a joined trial. Limiting jury instructions will be given to the jury to emphasize that it may not consider Blatchford's former crime and alleged subsequent failure to register as evidence of guilt in the assault charges. Alternatively, the Court is willing to consider bifurcating the trial so that the jury will first hear the evidence for Counts One and Two before hearing the evidence for Counts Three and Four. As

discussed during the hearing, the defense will stipulate to the facts as established in the first part of the trial to ensure that neither party will have to recall witnesses regarding the assault charges.

**IT IS THEREFORE ORDERED** that Blatchford's Motion to Sever, (Doc. 41), is **DENIED**.

Dated this 7th day of June, 2017.

_____
Honorable G. Murray Snow
United States District Judge